# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Matthew Mullins,<br><br>                     Plaintiff,<br><br>       v.<br><br>Samantha Powers, et al.,<br><br>                     Defendants. | Case No. 2:24-cv-00727-APG-DJA<br><br>**Order** |

Pro se Plaintiff Matthew Mullins has submitted an amended complaint. (ECF No. 5). Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court screens it. And Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court dismisses it without prejudice.

**I.      Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Screening Plaintiff's complaint.**

Plaintiff sues United States Agency for International Development ("USAID") Director Samantha Powers; the Honorable District Judge Kent J. Dawson; Central Intelligence Agency ("CIA") Agent Joseph Went; and National Security Agency ("NSA") Agent Robert Kinchloe. (ECF No. 5 at 2-4). He asserts that he is bringing his claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. (*Id.*). Plaintiff alleges that the actions underlying his complaint took place from August 21, 2023 to the present. (*Id.* at 6).

Plaintiff's claims arise out of an agreement that he claims he entered into with the USAID "for a grant aimed at supporting vital food security projects." (ECF No. 5 at 12). Plaintiff does not explain when he entered into this agreement or provide more detail about the agreement or his negotiations. He alleges that the Defendants conspired against him to prevent him from receiving the grant money. (*Id.*).

The remainder of Plaintiff's allegations are almost entirely conclusory. He does not provide any specific facts about what each Defendant did, how their specific actions harmed him, or when they took place. Instead, he generally describes their involvement in a vast scheme against him. And even in the places where Plaintiff does provide some facts, they do not state claims upon which relief can be granted. For example, Plaintiff alleges:

> On June 13, 2023, a notice of appearance for Joseph Went was filed in case 2:2023cv00703, where Joseph Went is representing Wells Fargo Bank. This situation is highly troubling as it demonstrates a clear conflict of interest and highlights troubling similarities to the current allegations. Additionally, Brian Formisano, Wells Fargo Bank Regional President, later informed that he was under intense pressure from Joseph Went to withhold the grant funding from Matthew Mullins.

(*Id.* at 14).

But Plaintiff is not a party to the other case he references and does not otherwise explain how Went's actions in this other case harmed him other than stating in conclusory fashion that Went's "pressure" resulted in Bank of America "withholding the grant funding" from him.

Plaintiff also attempts to sue Judge Dawson, who is immune from his allegations.[1]  But Plaintiff's claims against Judge Dawson not only fail to state a claim because they are conclusory, but also because they describe Judge Dawson acting in a purely judicial role, for which actions Judge Dawson is immune.  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (explaining that "[a]b Absolute immunity is generally accorded to judges…functioning in their official capacities.").  Some of examples of Plaintiff alleging Judge Dawson acting in a judicial role, or alleging only conclusory statements, include the following:

> Over a dozen times, my scheduled court appearances before Judge Dawson were arbitrarily canceled or postponed…Judge Dawson played a role in the withholding of vital court records…Judge Dawson deliberately sealed the settlement agreement crucial to my case…Judge Dawson made promises or arrangements that circumvented standard judicial procedures, such as offering settlement checks in lieu of court appearances…Judge Dawson utilized closed-door meetings to further this abuse, conducting proceedings in secrecy and making false and bad faith negotiation efforts in an attempt to silence me…

(ECF No. 5 at 17-19).

Because Plaintiff's allegations are too conclusory and because Plaintiff attempts to sue an immune Defendant, the Court dismisses Plaintiff's complaint without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that the complaint (ECF No. 5) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **September 27, 2024**, to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original

---

[1] Plaintiff claims that other judges were involved in the scheme against him, but because he only lists Judge Dawson as a defendant, the Court does not construe Plaintiff's complaint as alleging claims against these other judges.

complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in the recommended dismissal of this case.**

DATED: August 28, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE