UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Matthew Mullins,<br><br>            Plaintiff,<br><br>    v.<br><br>Samantha Powers, et al.,<br><br>            Defendants. | Case No. 2:24-cv-00727-APG-DJA<br><br>**Order** |

Before the Court is pro se Plaintiff Matthew Mullins's second amended complaint. (ECF No. 7). Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, so the Court screens his second amended complaint. Because Plaintiff's second amended complaint fails to state a claim upon which relief can be granted due its conclusory nature, the Court dismisses Plaintiff's second amended complaint with leave to amend.

**I.      Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of

the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Screening Plaintiff's complaint.**

Plaintiff sues United States Agency for International Development ("USAID") Director Samantha Powers; Central Intelligence Agency ("CIA") Agent Joseph Went; and National Security Agency ("NSA") Agent Robert Kinchloe. (ECF No. 7 at 2-3). He asserts that he is bringing his claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. (*Id.*). Plaintiff alleges that the actions underlying his complaint took place on January 29, 2023 and from April 2, 2024 until the present. (*Id.* at 7).

Plaintiff's second amended complaint does not cure the deficiencies for which the Court dismissed his first amended complaint because his allegations remain entirely conclusory. Plaintiff alleges that he is the recipient of an alleged $50,000,000 federal grant "for humanitarian purposes." (ECF No. 7-1 at 5). He does not explain how he obtained the grant, when, or why other than generally stating that the funds "were intended for critical food security projects." (*Id.*). He claims that Defendants "obstructed the disbursement of the funds" although he does not explain what they did to obstruct the funds, when, or why. (*Id.*). Plaintiff alleges that he initiated "Case No. 2023-C-5932"—which case number does not exist in this Court—to enforce the grant. (*Id.*). Plaintiff alleges that, in that case, the Honorable District Judge Kent J. Dawson presided over a settlement negotiation resulting in a "$50,000,000 settlement agreement." (*Id.*). Plaintiff claims that the case was "later sealed without [his] knowledge or consent," and that he has now been deprived of the $50,000,000 in settlement funds. (*Id.* at 5-7). Plaintiff attaches various documents that he has filed with the Court which he claims proves that Case No. 2023-C-5932 exists and confirms his entitlement to the settlement money. (ECF No. 7-2). However, while these documents bear a file stamp, it is not clear if they were filed into any case, let alone "Case No. 2023-C-5932." They do not prove the existence of that case and do not prove Plaintiff's entitlement to $50,000,000.

Plaintiff's claims are too conclusory to state a claim upon which relief can be granted. He generally describes the facts underlying his complaint, but provides no specifics. So, the Court dismisses his second amended complaint without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that the complaint (ECF No. 7) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **November 20, 2024**, to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in the recommended dismissal of this case.** The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: October 21, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE